1

2                 UNITED STATES DISTRICT COURT
                     DISTRICT OF NEVADA
3

4  Sheida Hukman,                                    Case No. 2:23-cv-00501-CDS-NJK

5                    Plaintiff          **Order Discharging Show-Cause and
                                        Denying as Moot Plaintiff's Motion
6      v.                                       to Show Cause**

7  Snackers Sinclair, Inc.,
                                                [ECF Nos. 46, 49]
8                    Defendant

9

10        This order discharges my February 6, 2024 order to show cause. On that date, during a

11  hearing set to discuss the parties proposed joint pretrial order, I ordered plaintiff Sheida

12  Hukman to show cause within 21 days why this action should not be dismissed for her failure to

13  prosecute this case and failure to obey court orders. ECF No. 46. In the order, Hukman was

14  instructed to explain why this action should not be dismissed for failing to comply with the

15  local rules regarding the requirements for the joint pretrial order, and for failing to appear for the

16  February 6, 2024 hearing. *Id.* Hukman submitted two responses. ECF Nos. 47, 49.

17        In her first response to the show-cause order, Hukman contends that she never received

18  notice of the hearing. *See generally* ECF No. 47. Hukman asserts that notice is "not in the Pacer

19  documentation." *Id.* at 2. However, the docket reflects Hukman's position to be inaccurate. The

20  order setting the hearing was filed on January 11, 2024. ECF No. 44. The court's electronic record

21  shows that the order was emailed to Hukman's email address of record that same day. While

22  Hukman claims she did not receive a copy of that notice, she did receive the show-cause order

23  sent to the same address. Hukman is reminded that even though she is a pro se plaintiff, she is

24  nonetheless obligated to review the filings in this case to diligently prosecute this matter.

25  *See Giron v. Johnson*, 2022 WL 1446812, at *10 (C.D. Cal. Mar. 8, 2022), *report and recommendation*

26  *adopted*, 2022 WL 1443331 (C.D. Cal. May 5, 2022) ("Plaintiff's pro se status will not excuse the

1  lack of diligence, as pro se litigants routinely pursue discovery and are responsible for

2  prosecuting their cases").

3       In her initial response, Hukman asserts that the defendant contacted her "very [l]ast

4  minute to [p]repare the Joint Pre-Trial Order[ ]" and "Defendant [ ] had all the documentation."

5  ECF No. 47 at 1. However, Local Rule 16-3(b) puts the burden on the **plaintiff** to initiate the

6  preparation and filing of the joint pretrial order. In her second response to the show-cause order,

7  Hukman states that the defendant was "requesting a lot of things" from her even though the

8  defendant knew that her "exhibits and [] witnesses [were] the same as her." ECF No. 49 at 2. In

9  support of these arguments, Hukman attaches copies of her email exchanges with the defendant

10  regarding the proposed order. Pl.'s Ex. 1, ECF No. 49-1. Hukman argues that defendant is aware

11  of her exhibits and witnesses because it has information about the case. ECF No. 49 at 1–2.

12  These arguments do not relieve Hukman of her obligation to disclose and list her exhibits and

13  witnesses. *See* LR 16-3(b)(8)[1] and (10); LR 16-4(VIII.). Further, opposing parties are entitled to

14  know the names of the witnesses a plaintiff intends to call in their case-in-chief in advance. *See*

15  Fed. R. Civ. P. 26(a)(1)(A)(i).

16       Nothing contained in Hukman's responses to the show-cause order justify her failure to

17  fully participate in drafting the proposed joint pretrial order. Nonetheless, in light of Hukman's

18  pro se status, the court will give her the benefit of the doubt and discharge the February 6, 2024

19  order to show cause at this time. Hukman is cautioned that any future violation of the rules may

20  result in sanctions, to include dismissal of the case. *See King v. Atiyeh*, 814 F.2d 565, 657 (9th Cir.

21  1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

22

23

24

25  _____

[1] This rule requires that each party list their trial exhibits, and "describe the exhibits sufficiently for
26  ready identification . . . ." Hukman's failure to list specific exhibits makes it impossible for the defendant
to object to her exhibits. LR 16-3(b)(8).

## Conclusion

It is hereby ordered that the order to show cause **[ECF No. 46] is discharged**.

It is further ordered that plaintiff's motion for order to show cause **[ECF No. 49] is denied** as moot.

As plaintiff, Hukman is ordered to initiate a discussion with opposing counsel to prepare a second proposed joint proposed order within five days of this order. *See* LR 16-3(b). A more fulsome effort is required, so the parties must engage in a meaningful discussion about their trial presentations and submit a joint pretrial order that complies with Local Rules 16-3 and 16-4 by **March 21, 2024**. The failure to do so, or continued violations of the rules, may result in sanctions, including dismissal of the plaintiff's claims.

Dated: March 7, 2024

_____
Cristina D. Silva
United States District Judge