AILEEN E. COHEN, ESQ.
Nevada Bar No. 5263
THORNDAL ARMSTRONG, PC
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
Tel.:  (702) 366-0622
Fax:  (702) 366-0327
E-Mail:  aec@thorndal.com
Attorney for Defendant
HARMAN UNLIMITED, INC.
(Incorrectly Identified as
Snackers Sinclair, Inc.)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHEIDA HUKMAN,<br><br>              Plaintiff<br><br>   vs.<br><br>SNACKERS SINCLAIR, INC.,<br><br>              Defendant | CASE NO.  2:23-cv-00501-CDS-NJK<br><br>**JOINT PRE-TRIAL ORDER** |

After pre-trial proceedings in this case,

IT IS ORDERED, per Local Rule 16-3:

         **I.**     **STATEMENT OF THE NATURE OF THE ACTION**

This is an action for: Claimed national origin employment discrimination in violation of 42 USC 2000e-2a (Title VII of the Civil Rights Act of 1964) by Defendant while Plaintiff worked at Defendant's convenience store

         **II.**     **JURISDICTION**

Plaintiff asserts that this Court has jurisdiction under the provisions of 8 USC §1331, 42 USC 2000e-2a due to allegations of national origin discrimination in violation of Title VII of the Civil Rights Act of 1964.

### III. ALL UNCONTESTED FACTS DEEMED MATERIAL IN THE ACTION

The following facts are admitted by the parties and require no proof: Plaintiff in proper person claims that she does not agree to any facts. The following are facts that Defendant does not dispute and require no proof:

1. That Defendant Harman Unlimited, Inc., owns and operates the Snackers location.
2. That Plaintiff worked at Snackers.
3. That Plaintiff's employment with Snackers was terminated.

### IV. UNCONTESTED ISSUES OF FACT, AS AGREED UPON BY THE PARTIES

The following facts, though not admitted, will not be contested at trial by evidence to the contrary.

See Defendant's Separate Statement in Section III.

### V. CONTESTED ISSUES OF FACT, AS AGREED BY THE PARTIES

The following are the issues of fact to be tried and determined upon trial.[1] (Each issue of fact must be stated separately and in specific terms.)

**1. PLAINTIFF'S STATEMENT OF ISSUES OF FACT DEEMED TO BE MATERIAL**

The following are the issues of fact to be to be tried and determined at trial.

(Each issue of law must be stated separately and in specific terms.)

Plaintiff claims the parties do not agree about any facts.

**2. DEFENDANT'S STATEMENT OF ISSUES OF FACT DEEMED TO BE MATERIAL**

1. Whether Plaintiff has made the same allegations of National Origin Discrimination against prior employers and their employees.
2. Whether Plaintiff was taking longer breaks than permitted by company policy.
3. Whether the Plaintiff was sleeping or sitting in the breakroom in violation of company policy.
4. Whether the security surveillance video captured Plaintiff sitting down and/or sleeping in the breakroom.

---

[1] Should the attorneys or parties be unable to agree on the statement of issues of fact, the joint pretrial order should include separate statements of issues of fact to be tried and determined upon trial.

5. Whether Hukman texted the store manager, Bill Boggs, alleging that employee Tiffany Bronson obtained someone "to put me to sleep" and that she needed to talk to him
6. Whether Hukman's unilateral decision to take time off when she was scheduled to work was in violation of company policy.
7. Whether Hukman's failure to attend a meeting with the store manager when she was schedule to be working violated company policy.
8. Plaintiff's Damage claims

## VI. CONTESTED ISSUES OF LAW, AS AGREED BY THE PARTIES

The following are contested issues of law to be tried and determined at trial:[2]

1. Whether Plaintiff has a National Origin outside of the United States as this must be proven and Plaintiff has not provided any documentary evidence to substantiate the same.
2. As to issues of law, related to the above there is a legal question as to whether the Plaintiff was entitled to Title VII protections. If she cannot prove that she has a foreign National Origin, then she would not be entitled to Title VII protection.

Other contested legal issues are:

1. Whether Hukman was Terminated for Non-Discriminatory Reasons
2. Whether Hukman can Establish Pretext
3. Whether Hukman was Engaged in a Protected Activity
4. Whether Hukman was subject to an adverse employment action.
5. Whether other employees outside of her class were treated more favorably.

## VII. EXHIBITS

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1. Snackers Employee Handbook
2. Sheida Hukman Employment File
3. Text from Hukman dated December 24, 2021 at 10:11 PM.
4. Email from Hukman dated December 25, 2021 at 2:47 AM.

---

[2] Should the attorneys or parties be unable to agree on the statement of issues of law, the joint pretrial order should include separate statements of issues of law to be tried and determined upon trial.

1        5. Email from Hukman December 27, 2021 at 2:24 PM

2        6. Text Message from B. Boggs dated December 25, 2021 at 11:17 AM

3    (b)    As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

(1)    Set Forth the Plaintiff's Exhibits and Defendants' Objections to Them.

   1. Email to Mr. Boggs on December 16, 2021

   2. Retaliation on December 24, 2021

Defendants object to the following exhibits from Plaintiff:

   1. Email to Mr. Boggs on December 16, 2021-Not disclosed

   2. Retaliation on December 24, 2021-insufficient description/undisclosed/does not appear to the evidence

(2)    Set Forth the Defendant's Exhibits and Plaintiff's Objections to Them

   1. Employee Performance Notice

   2. Snackers Security Videos from December 18, 2021

   3. Complaint in Hukman v. Southwest Airlines

   4. Third Circuit Decision upholding dismissal by summary judgment in Hukman v. American Airlines, Inc.

   5. Complaint in Hukman v. Communication Workers of American

   6. Complaint in Hukman v. Terrible Herbst, Inc.

Plaintiff objects to the following exhibits from Defendants:

   1. Employee Performance Notice – Plaintiff claims it was forged.

   2. Snackers Security Videos from December 18, 2021- Plaintiff claims she did not know that her employer had a video recorder in the break area.

(c)    Electronic evidence: Security videos as noted above.

(1)    Plaintiff objects to the security videos as noted above.

(d)    Depositions

(1)    Plaintiff will offer the following depositions: None

-4-

    (2) Defendant will offer the following depositions: Deposition of Sheida Hukman

(e) Objections to depositions:

    (1) Defendant objects to plaintiff's depositions as follows: No objection

    (2) Plaintiff objects to defendant's depositions as follows: Sheida Hukman does not agree with her entire deposition.

## VIII. WITNESS LIST

The following witnesses may be called by the parties upon trial:

(a) Provide names and addresses of Plaintiff's witnesses:

Bill Boggs
HARMAN UNLIMITED, INC. (Incorrectly Identified as Snackers Sinclair, Inc.)
c/o Aileen E. Cohen, Esq.
THORNDAL ARMSTRONG PC
1100 East Bridger Avenue
Las Vegas, NV 89101-5315

Tiffany Branson

Denny Harmon

Defendant objects to Plaintiff's listing of Denny Harman and Tiffany Branson as witnesses.

(b) State names and addresses of Defendant's witnesses:

Bill Boggs
HARMAN UNLIMITED, INC. (Incorrectly Identified as Snackers Sinclair, Inc.)
c/o Aileen E. Cohen, Esq.
THORNDAL ARMSTRONG PC
1100 East Bridger Avenue
Las Vegas, NV 89101-5315

## IX. JOINT PROPOSED TRIAL DATES

The attorneys or parties have met and jointly offer these three trial dates:

  1.  September 26, 2024  2.  October 3, 2024  3.  October 17, 2024

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X.  ESTIMATED NUMBER OF TRIAL DAYS

It is estimated that the trial will take a total of 2 days.

DATED this 16th day of April, 2024.

                THORNDAL ARMSTRONG, PC

                /s/ *Aileen E. Cohen*
                _____
                Aileen E. Cohen, Esq.
                Nevada Bar No. 5263
                1100 East Bridger Avenue
                Las Vegas, NV 89101-5315
                Attorney for Defendant
                HARMAN UNLIMITED, INC.
                (incorrectly identified as
                Snackers Sinclair, Inc.)


                /s/ *Sheida Hukman*
                _____
                Sheida Hukman
                1001 E. Sunset Road, Unit 96321
                Las Vegas, NV  89193
                Plaintiff in Proper Person

## XI.  ACTION BY THE COURT

This case is set for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on September 23, 2024 at 9:30 a.m. in courtroom 6B. Calendar call will be held on September 12, 2024 at 9:30 a.m. in courtroom 6B.

Dated: April 18, 2024

                _____
                UNITED STATES DISTRICT JUDGE