UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sheida Hukman, | Case No: 2:23-cv-00501-CDS-NJK |
| Plaintiff | **Order Denying Plaintiff's Motion for Reconsideration and Motion for Recusal and Denying Defendant's Motion to Declare Plaintiff Vexatious** |
| v. | |
| Snackers Sinclair, et al., | |
| Defendants | [ECF Nos. 59, 61, 65] |

This is closed civil rights action brought by plaintiff Sheida Hukman, who alleged that she was wrongfully terminated from her employment with Snackers Sinclair, Inc. (hereinafter, Harman)[1]. Specifically, she brought claims alleging Title VII of the Civil Rights Act of 1964 violations based on national origin, as well as harassment and retaliation under that Act, and wrongful termination. On June 12, 2024, I granted Harman's motion for summary judgment and directed the Clerk of Court to close this case. Order, ECF No. 56. Two weeks after issuing that order, Hukman filed a motion for reconsideration and exhibits thereto. ECF Nos. 59, 60. On July 3, 2024, Hukman also filed a motion for recusal. ECF No. 61. These motions are all now fully briefed. ECF No. 62 (response to reconsideration motion); 63 (response to recusal motion). For the reasons set forth herein, Hukman's motions for reconsideration and recusal are denied, and defendant's motion to declare plaintiff a vexatious litigant is also denied.

I.  **Legal Standard**

   A.  **Motion for reconsideration**

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for

---

[1] Defendant notes that Snackers Sinclair, Inc., is improperly named in this action and that the proper defendant is Harman Unlimited, Inc. ECF No. 65 at 1.

reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). Where a motion for reconsideration is based off an assertion that the district court committed clear error or the initial decision was manifestly unjust, "[m]ere doubts or disagreement about the wisdom of a prior decision . . . will not suffice . . . To be clearly erroneous, a decision must [be] more than just maybe or probably wrong; it must be dead wrong." *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 WL 1284184, at *1 (S.D. Cal. Mar. 26, 2013). "Clearly erroneous is a very exacting standard." *Id.*

A motion to reconsider must provide a court with valid grounds for reconsideration and set forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

The Ninth Circuit directs courts "to make reasonable allowances for pro se litigants and to read pro se papers liberally." *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987). This district's local rules regarding civil cases require that any motion for reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." Local Rule 59-1(a).

**B. Motion for recusal**

A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge of the United States shall disqualify herself when she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Normally, a judge should not be recused when the only basis for the recusal motion is that the judge made adverse rulings in the case where the party seeks the judge's disqualification. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013); *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of [proceedings]."). Under § 455, recusal of a federal judge is appropriate for either actual bias or appearance of bias, if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1988). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *Holland*, 519 F.3d at 914 (citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* (citation omitted). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

### C. Motion to declare plaintiff a vexatious litigant

District courts have the inherent power to order restrictive pre-filing procedures against vexatious litigants with abusive and lengthy histories of litigation. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). The Ninth Circuit has long cautioned that such orders are "an extreme remedy" that should be "rarely used" and not entered hastily. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). That is because "[r]estricting access to the courts is . . . a serious matter" that carries

constitutional implications. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). "[S]uch measures against a pro se plaintiff should be approached with particular caution." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980). Thus, "[a] court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057.

## II. Discussion

### A. Motion for reconsideration

To succeed on a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Sanders v. JD Home Rentals*, 2023 U.S. Dist. LEXIS 98224, *5 (E.D. Cal. June 5, 2023) (citing *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988)). Hukman fails to meet her burden showing I should reconsider my prior decision. The motion fails to address the standard for reconsideration entirely. Instead, the motion rehashes previously considered arguments and attempts to introduce new evidence in support of her motion. *See* Mot. for Recons. Ex. List, ECF No. 60.[2] "Motions for reconsideration are not to be used to simply 'rehash' arguments and facts previously considered by the court in making its ruling." *Brown v. Deputy No. 1*, 2014 WL 4961189, at *1 (S.D. Cal. Oct. 3, 2014). Further, a reconsideration motion may not be used to present evidence for the first time that reasonably could have been raised earlier in the litigation. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *Williams v. Cnty. of San Diego*, 542 F. Supp. 3d 1070, 1071 (S.D. Cal. 2021) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before."). Hukman's exhibits include a copy of several pages from an unidentified book (ECF No. 60-1 at 1–10) and includes a new email that

---

[2] This was docketed as a motion but is just an exhibit list to the reconsideration motion. I provide an order to correct this docketing error in the conclusion of this order.

was not included in her opposition to the motion for summary judgment.[3] *Id.* at 12. There is no explanation why the email was not and could not have been included in her opposition to the summary judgment motion.

Hukman also included a new declaration as an exhibit. *See* ECF No. 59 at 17–20. The declaration merely rehashes previous arguments and raises new, yet unsupported, allegations. None of the information provided by Hukman is sufficient to grant reconsideration. Stated otherwise, Hukman has failed to demonstrate that the extraordinary remedy of reconsideration is appropriate, so her motion for reconsideration is denied.

### B. Motion for recusal

Hukman moves for my recusal, asserting that I am biased against her action, that my summary judgment order was unfair, and further that I violated my judicial canons by canceling the trial date after granting summary judgment, so I should disqualify myself. Recusal mot., ECF No. 61. Harman opposes the motion, arguing that the motion is both untimely and meritless. Opp'n, ECF No. 63.

"It is well established in [the Ninth Circuit] that a recusal motion must be made in a timely fashion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (citation omitted). "While there is no per se rule that recusal motions must be made at a fixed point in order to be timely, such motions should be filed with reasonable promptness after the ground for such a motion is ascertained." *Id.* (internal quotation marks and citation omitted). "Where 'unexplained delay' in filing a recusal motion 'suggests that the recusal statute is being misused for strategic purposes,' the motion will be denied as untimely." *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018) (quoting *E. & J. Gallo Winery*, 967 F.2d at 1296). Further, adverse judicial

---

[3] The court notes that even if it did consider this email, it would not have changed the outcome. This email does not include any direct or indirect allegations about discrimination, so defendant could not have been placed on notice. *See* ECF No. 60-1 at 12. Instead, the email discusses general complaints about how Hukman was treated by another co-worker, and how that co-worker is rude, amongst other allegations—none of which were about Hukman's race or national origin. *Id.*

5

rulings alone almost never constitute a valid basis for the granting of a recusal motion, and the record here shows no evidence that this case is an exception to that rule. *Liteky*, 510 U.S. at 540.

Part of Hukman's argument in favor of recusal is that I granted summary judgment and therefore canceled the trial date. ECF No. 61 at 10. She further assumes that this was done in an ex parte fashion. *Id.* at 11. But once summary judgment on all claims is granted against a plaintiff, that ends the case: there is no trial date. I resolved the summary judgment based on the written pleadings and evidence filed by both parties. This is the standard procedure for any civil action. In comparison, if summary judgment had been granted on some, but not all claims, then the trial date would remain as scheduled. Accordingly, the court's decision to cancel the trial date was neither decided in an ex parte fashion nor the result of some bias against Hukman.

I further find that Hukman's recusal motion is untimely as it was filed after I issued an adverse ruling against her in this case. Title 28, United States Code, Section 455(a) "require[s] recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (citation omitted). Accordingly, Hukman has not met the substantial burden of showing that I am biased so her motion for recusal is denied.

### C. Defendant's motion to declare Hukman a vexatious litigant

As noted above "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057. Before issuing a pre-filing order, a district court must comply with several requirements, including giving the litigant notice and a chance to be heard before the order is entered, compiling an adequate record for review, making substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and narrowly tailoring a pre-filing order to closely address the specific issue encountered from plaintiff's litigation. *Id.* Here, after careful review of the docket and the additional information provided by Harman, I do not find Hukman's conduct in this litigation to have risen to the "frivolous or harassing" standard, so the extreme remedy of

a pre-filing order is not warranted. While this case is not Hukman's first action against former employees, and it is of concern that there are repeat accusations and players alleged in each case, to include a yet to be identified Ms. Williams-Anderson, the current record fails to demonstrate that Hukman's filings are numerous and abusive as to require declaring her vexatious. Hukman is warned, however, that she has no right to file frivolous and harassing cases or motions, and that doing so violates Federal Rule of Civil Procedure (FRCP) 11. Hukman is further advised that FRCP 11 applies equally to attorneys and pro se litigants alike. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). If Hukman continues with unmeritorious litigation, she will soon be declared a vexatious litigant. However, Harman's motion to declare Hukman a vexatious litigant is denied without prejudice.

### III.   Conclusion

IT IS HEREBY ORDERED that Hukman's motion for reconsideration **[ECF No. 59] is DENIED.**

IT IS FURTHER ORDERED that Hukman's motion for recusal **[ECF No. 61] is DENIED.**

IT IS FURTHER ORDERED that Harman's motion to declare plaintiff a vexatious litigant **[ECF No. 65] is DENIED without prejudice**.

The Clerk of Court is kindly instructed to amend the filing at ECF No. 60 to reflect it as the exhibits to plaintiff's motion for reconsideration (ECF No. 59) and to terminate the pending motion.

Dated: November 5, 2024

_____
Cristina D. Silva
United States District Judge